UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-290

| | |
|---|---|
| **CALVIN TAYLOR,** | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| **NANCY A. BERRYHILL,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on plaintiff's (#9) and defendant's (#11) cross Motions for Summary Judgment. The matter is ripe for review. Having carefully considered each motion and reviewed the pleadings, the court enters the following findings and Order.

**FINDINGS AND CONCLUSIONS**

**I.  Administrative History**

Plaintiff filed an application on May 1, 2015, for disability and disability insurance benefits under title II and supplemental security income ("SSI") payments under title XVI, alleging disability since November 21, 2014. (Tr. 179, 186). After his application was denied initially and on reconsideration, plaintiff attended an administrative hearing on March 24, 2017. (Tr. 33). On April 27, 2017, Administrative Law Judge ("the ALJ") Colin Fritz issued a decision denying benefits. (Tr. 12). On August 20, 2017, the Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1). Plaintiff proceeded to file the instant action, seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

1

## II. Factual Background

The court adopts and incorporates the ALJ's factual findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, supra.

Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether the court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. Here, the court finds that the ALJ's decision was supported by substantial evidence, and it will thus be affirmed.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title XVI pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity ("RFC"), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

3

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

**C. The Administrative Decision**

At step one of the sequential evaluation, the ALJ found that plaintiff has not engaged in substantial gainful activity ("SGA") since November 21, 2014, the date of the application. (Tr. 17). At step two, the ALJ found that plaintiff has the following severe impairments: lumbar degenerative disc disease, status post L4-5 discectomy, cervical and thoracic degenerative disc disease, obesity, and sleep apnea. (Tr. 17). At step three, the ALJ found that none of plaintiff's medically determinable impairments, singly or in combination with each other, meets the severity of an impairment in the Listing. (Tr. 17-19).

Then, before step four, the ALJ found that plaintiff had the RFC to perform sedentary work, with the following limitations: work requires a hand-held assistive device to ambulate over narrow, slippery or erratically moving surfaces, or for ascending or descending slopes; a hand-held assistive device would not be necessary for standing at the workstation; can never climb ladders, ropes and scaffolds; can occasionally climb ramps and stairs, crouch and crawl; can occasionally stoop to lift within the exertional level from the floor to the waist; can frequently stoop to lift within the exertional level from waist height and above; can frequently balance and kneel; can occasionally be exposed to hazards associated with unprotected dangerous machinery or

unprotected heights; can concentrate, persist and maintain pace sufficient to understand, remember and carry out simple, routine tasks in a low stress environment, involving simple work-related decisions, occasional independent judgment skills and occasional work place changes. (Tr. 22).

At step four, the ALJ found that plaintiff's RFC prevents plaintiff from performing any past relevant work. (Tr. 25). At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform, including charge account clerk, addresser, and egg processor. (Tr. 26). As a result, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. (Tr. 27).

**D. Discussion**

The court has closely read plaintiff's memorandum (#10) supporting his Motion for Summary Judgment (#9). Plaintiff contends that the ALJ improperly relied on the vocational expert's (VE) testimony, in that he accepted the testimony that conflicts with the Dictionary of Occupational Titles (DOT) on two separate issues. In doing so, plaintiff argues that the ALJ's failure to obtain an explanation from the vocational witness in regards to each conflict provides grounds for remand.

First, plaintiff argues that the job of addresser does not currently exist in significant numbers in our economy as stated by the Social Security Administration in May 2011, as well as noted by the Occupational and Medical-Vocational Claims Review Study. Plaintiff claims that the defendant has also stated that the job as described by the DOT does not exist in significant numbers in the economy. Thus, plaintiff contends that the failure of the ALJ to inquire more into the testimony of the VE results in the decision not being supported by substantial evidence. However, the court finds that, contrary to plaintiff's assertion, no justiciable conflict exists between the VE testimony and the DOT. Although the information provided by the Occupational

and Medical-Vocational Claims Review Study may well be accurate, it is not a governmental publication that the ALJ is required to take administrative notice of as a source of reliable job information. See 20 C.F.R. §§ 404.1566(d)(5), 416.966 (d)(5). Therefore, the ALJ does not need to obtain from the VE an explanation for the potential conflict between the VE's testimony and the Occupational and Medical-Vocational Claims Review Study. This is not, in any way, an endorsement of willful blindness, as had this Court been presented with such evidence, it certainly would have considered it; however, review here is not *de novo* and error cannot be assigned where the ALJ followed the regulations.

Furthermore, although plaintiff contends that the job of addresser does not exist in significant numbers, the record cited by the ALJ shows that there are approximately 81,000 jobs in the national economy, (Tr. 25), and the Commissioner's burden has been satisfied in other matters on the basis of less than half as many jobs in the national economy. Cogar v. Colvin, 2014 WL 1713795 (W.D.N.C. 2014) (holding that 35,000 jobs nationally accounted for sufficient numbers); see also Guiton v. Colvin, 546 Fed. Appx. 137, 142 (4th Cir. 2013) (holding that the court found 110 jobs in the claimant's state to suffice as a significant number of jobs) (citing Hicks v. Califano, 600 F. 2d 1048 (4th Cir. 1979)). The Court notes, however, precedent suggesting that the ALJ should have resolved the conflict between the Occupational and Medical-Vocational Claims Review Study, since the job of addresser "appears to be obsolete" and the information provided by the study thus "reduces the reliability and credibility of the VE's testimony and casts further doubt on the ALJ's conclusion that jobs exist in significant numbers that the plaintiff can perform." Burney v. Berryhill, 276 F. Supp. 3d 496 (E.D.N.C. 2017). But even if addresser was eliminated from consideration, other work still exists in significant numbers, as the court will explain below.

6

Second, plaintiff argues that there is a conflict between the VE's testimony and the DOT, in that a Reasoning Level of 2 or 3 for the identified jobs is incompatible with the ALJ's RFC limitation to simple, routine tasks which involve following short, simple instructions. The DOT Reasoning Level functions are part of the General Educational Development ("GED"), which range from Level 1 (lowest reasoning ability) to Level 6 (highest reasoning ability).

In arguing that an apparent conflict exists, plaintiff relies on the holding in Henderson v. Colvin, an unpublished Fourth Circuit case, in which the court noted that "there is an apparent conflict between an RFC that limits [the plaintiff] to one-to-two step instructions and the GED Reasoning Code 2, which requires the ability to understand detailed instructions." Henderson v. Colvin, 643 Fed. App'x 273, 277 (4th Cir. 2016). However, there has been no binding precedent in the Fourth Circuit, nor a general consensus in the case law of this district, as to whether there is an apparent conflict between simple routine tasks and GED Level 3. Compare Carringer v. Colvin, 2014 WL 1281122 at * 3 (W.D.N.C. 2014) (finding "[t]here is no direct correlation between the DOT's reasoning levels and a limitation to carrying out simple instructions or performing simple work; thus, jobs requiring an individual to perform such work is consistent with a DOT reasoning level of either 2 or 3") and Clontz v. Astrue, 2013 WL 3899507, at *5 n. 6 (W.D.N.C. 2013) (stating that "[t]he requirements of GED reasoning level three are consistent with a limitation to simple, unskilled work.") and Martin v. Colvin, 2015 WL 9094738 (W.D.N.C. 2015) (same) with Lorch v. Berryhill, 2017 WL 1234203 (W.D.N.C. 2017) (finding an apparent conflict exists) and Adkins v. Berryhill, 2017 WL 1089194 (W.D.N.C. 2017) (same). Furthermore, in examining precedent in other districts, the court has found that the issue also remains unsettled. Compare Terry v. Astrue, 580 F.3d 471, 478 (7th Cir. 2009) (holding that level 3 reasoning is consistent with an ability to perform simple work) and Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir.2007)

7

(finding that a job requiring level 3 reasoning was not inconsistent with the claimant's ability to follow only simple, concrete instructions) and Hillier v. Soc. Sec. Admin., 486 F.3d 359, 367 (8th Cir. 2007) (rejecting a *per se* conflict but noting tension between GED Level 3 and simple, routine, repetitive tasks) with Zavalin v. Colvin, 778 F.3d 842, 846-47 (9th Cir. 2015) (finding an apparent conflict exists) and Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (same).

Here, the ALJ relied on the VE's testimony for jobs at level 2 and level 3, including addresser (level 2), egg processer (level 2), and charge account clerk (level 3). Under the DOT, Reasoning Level 3 has been defined as having the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." DOT App. C, 1991 WL 688702 (1996). But while a split clearly exists as to whether there is a conflict between simple, routine, and repetitive work and Level 3 jobs, there is o apparent conflict with Level 2 occupations Defined by the DOT, as Reasoning Level 2 requires having the "[a]bility to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." DOT App. C, 1991 WL 688702 (1996).

Although plaintiff contends that the Fourth Circuit in Henderson v. Colvin, supra, suggested that level 2 jobs are similarly incompatible, that decision can be distinguished from the case at hand in that it involved a plaintiff limited even further to only one- or two-step instructions, not a limitation of simple, routine, repetitive work. Bethea v. Berryhill, No. 5:17-CV-145, 2018 WL 1567356 at *4 (W.D.N.C. Mar. 30, 2018). Here, plaintiff is not limited to one- or two-step instructions, but instead has been assigned a more robust RFC (Tr. 22) which is supported by evidence which the ALJ cites. Thus, the court finds that there is substantial evidence to support the ALJ's RFC finding, and no apparent conflict exists between the VE testimony and plaintiff's

RFC.

Furthermore, even if the job of addresser is found to not exist in significant numbers or the job of charge accounts clerk is determined to have a disqualifying conflict, the job of egg processor remains with approximately 218,000 jobs in the national economy. (Tr. 26). Again, such numbers alone are clearly sufficient to support the ALJ's overall finding. See Cogar v. Colvin, 2014 WL 1713795 (W.D.N.C. 2014). Thus, even if a conflict existed between the VE's testimony and the Occupational and Medical-Vocational Claims Review Study or GED Reasoning Levels, at least one job exists in significant numbers in the national economy. As a result, the court does not find grounds for reversal on this basis.

Lastly, plaintiff asserts that the Occupational Outlook Handbook ("OOH") provides that charge account clerk and addresser do not involve simple, routine tasks and thus, the ALJ did not comply with Pearson in that she did not resolve the apparent conflict between the VE's testimony and the OOH. Even taking that argument as true and those jobs are conflicted out based on the OOH, work remains in significant numbers in the economy for plaintiff to perform as an egg processor. While plaintiff has made significant arguments in his assignments of error, the final decision of the Commissioner, finding that plaintiff has the RFC to perform the job of egg processor, prevents the Court from reversing the Commissioner's conclusion that he is not disabled within the meaning of the Act.

**E. Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's complaint, the cross Motions for Summary Judgment, and accompanying memoranda. Review of the entire record reveals that the decision of the ALJ was supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. As this court finds

9

that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra at 401, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Summary Judgment (#9) is **DENIED**, the Commissioner's Motion for Summary Judgment (#11) is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

Signed: May 29, 2018

*[signature]*

Max O. Cogburn Jr.
United States District Judge